IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JODY BENDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12cv393 |
| | § | (consolidated with 4:14cv116) |
| CHARLOTTE E. MCLARRY, as representative | § | |
| of the ESTATE of GARY K. MCLARRY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Hopkins County's Opposed Motion to Enforce Election of Remedies Provision of Tort Claim Act (Dkt. 115). As set forth below, the motion is GRANTED.

This case was originally filed on June 26, 2012. After it was ordered consolidated with Cause Number 4:14cv116 on September 17, 2014, Plaintiff filed a Third Amended Complaint on October 3, 2014.

In the Third Amended Complaint, Plaintiff names as Defendants Gary K. McLarry,[1] Paul H. Fenimore, Bradley A. Cummings, Daniel Winn, Lewis Tatum, Hopkins County, Texas, and Steve Albert. Defendants McLarry, Cummings, Fenimore, Winn and Tatum ("the Deputy Defendants") are all identified as deputy sheriffs for the Hopkins County Sheriff's Office. Plaintiff alleges that she and Albert and others owned and operated a used car business. According to Plaintiff, after she

---

[1] Defendant Gary McLarry died during the pendency of this lawsuit and Charlotte E. McClarry, as the Representative of the Estate of Gary K. McLarry, has now been substituted in as a party.

1

repossessed a car she believed to be delinquent on payments, sheriff's deputies arrived at her truck repair business to investigate a stolen vehicle and ultimately arrested her. After she was arrested, Plaintiff claims, deputies commenced an investigation into the used car business. Although the causes of action asserted are not separately delineated, Plaintiff asserts claims under 42 U.S.C. § 1983 against the deputies, as well as claims of conspiracy, false imprisonment, defamation, and intentional infliction of emotional distress.

Defendant Hopkins County filed its Opposed Motion to Enforce Election of Remedies Provision of Tort Claims Act (*see* Dkt. 115) on November 20, 2014. In the motion, Defendant argues that Plaintiff's state law claims of conspiracy, false imprisonment, defamation and intentional infliction of emotional distress against the Deputy Defendants McLarry, Cummings, Fenimore, Winn and Tatum should be dismissed with prejudice pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code, also referred to as the Texas Tort Claims Act.

As a general rule, the Texas Tort Claims Act "bars any suit or recovery the plaintiff against any individual employee of the governmental unit regarding the same subject matter" once a plaintiff files suit against the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a). Under Section 101.106(a) of the Texas Civil Practice and Remedies Code,

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> * * *
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106. As has been explained by the Texas Supreme Court,

> Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f). When suit is filed against the employee, recovery against the governmental unit regarding the same subject matter is barred unless the governmental unit consents to suit. *Id.* § 101.106(b). ***Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.***

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (emphasis added). "By filing such a motion [under 101.106(e)], the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013).

Defendant argues that Section 101.016 irrevocably bars Plaintiff's state law claims against the Deputy Defendants since Plaintiff also sued Hopkins County. Plaintiff responds that Section 101.106(e) does not mandate dismissal of an employee when the governmental unit and the employee together are sued for "distinct conduct" and that no state law claims of conspiracy, false imprisonment, defamation or intentional infliction of emotional distress have been asserted against Hopkins County. Plaintiff provides no further argument as to how her state law claims against the individual defendants are distinct from her claims against the county.

3

The Court has reviewed the pleadings in this case and finds that Plaintiff's claims against the individual defendants are "rooted in the same" allegations made against the County. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010). *See, e.g.*, Dkt. 133 ¶¶ 60, 65 (alleging that County failed to train employees in preventing individual defendants' conduct and had policies permitting false imprisonment).

Plaintiff has not carefully pleaded her claims against the Deputy Defendants to show that they are distinct from the claims against the county. Indeed, Plaintiff has not clearly set forth each of her claims through the use of headings or other mechanisms. Her state law allegations are peppered throughout her complaint along with her claims against the County. Without more from Plaintiff showing how her claims are distinct, the Court cannot find that they are.

The Court notes that Plaintiff has amended her complaint since the filing of the motion. The amended complaint continues to allege state law claims against the individual defendants Under Texas law, "[s]ubsequent amended pleadings by the plaintiff filed after the government's filing of its motion to dismiss the employee do not moot the right created by the filing of the motion under section 101.106." *Villasan v. O'Rourke*, 166 S.W.3d 752, 758 (Tex. App. – Beaumont 2005, pet. denied) (holding that "the governmental agency perfects the statutory right to a dismissal of its employee upon the filing of a motion to dismiss, and the employee may subsequently rely on the duty created by the motion to require the trial judge to dismiss the claims against him."); *see also Hintz v. Lally*, 305 S.W.3d 761, 769 (Tex. App.– Houston [14th Dist.] 2009, pet. filed) ("once the plaintiff makes an 'irrevocable election' by suing only the employer, there is no statutory mechanism to change targets and sue the employee instead.").

Because Plaintiff has not shown how the facts of this case are distinguishable from Texas precedent, the Court finds that §101.106(e) mandates dismissal. *Texas Dept. of Aging and Disability Servs. v. Cannon*, 453 S.W.3d 411, 416 (Tex. 2015) ("subsection 101.106(e) does not contemplate or require dismissal of section 1983 claims against individual government employees, or any other claim not brought under the Tort Claims Act.").

Defendant Hopkins County's Opposed Motion to Enforce Election of Remedies Provision of Tort Claim Act (Dkt. 115) is GRANTED, and Plaintiff's state law claims against Charlotte E. McClarry, as the Representative of the Estate of Gary K. McLarry, Bradley Cummings, Paul Fenimore, Daniel Winn and Lewis Tatum for conspiracy, false imprisonment, defamation and intentional infliction of emotional distress[2] are DISMISSED WITH PREJUDICE pursuant to Texas Civil Practice and Remedies Code § 101.106(e).

**SO ORDERED.**

SIGNED this 29th day of September, 2015.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Plaintiff's complaint also references claims of "intentional interference with business relations." The briefing regarding such claims is unclear. To the extent those are intended to be separate claims and to the extent they are cognizable under state law, they are not distinctly alleged and are also dismissed.